MAGISTRATE JUDGE
SIMONTON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. **07-60214**

CIV-MORENO

DONALD A. YARBROUGH,

    Plaintiff,

v.

COLLECTCORP CORPORATION,

    Defendant.

_____/



## COMPLAINT
## JURY DEMAND

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful debt collection practices engaged in by Defendant. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k of the Fair Debt Collection Practices Act. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District. Supplemental jurisdiction over the state law claim is available to this Court pursuant to 28 U.S.C. §1367.

## PARTIES

3.  Plaintiff, DONALD A. YARBROUGH, is an individual who resides in the Southern District of Florida.

4.  Defendant, COLLECTCORP CORPORATION, is a corporation with its principal place of business at Suite 260, 455 North Third Street, Phoenix, Arizona 85004.

5.  The Defendant regularly uses the United States Mail and or instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts or regularly collects or attempts to collect debts for other parties. It is a "debt collector" as defined in the FDCPA.

6.  At all times material to this action Plaintiff was an obligor on a student loan payable to the United States Department of Education which was not in default.

7.  At all times material to this action Defendant was attempting to collect a student loan payable to the United States Department of Education allegedly due by Plaintiff and further alleged to be in default.

## COUNT I
## FAILURE TO PROVIDE DISCLOSURES REQUIRED BY THE FDCPA

8.  Plaintiff incorporates Paragraphs 1 through 7.

9.  On or about January 16, 2007, Defendant left the following message on Plaintiff's office voice mail:

> Hello. This message is for Donald Yarbrough. This is Cantrel Kitchen. If you can please give me a call back at my office. I have some information I need to run by you. That number is 877-719-7015. My direct extension is 8518. Thank you so much.

10. The January 16, 2007 message was the first communication the Plaintiff received from the Defendant regarding the alleged debt.

11. Based upon information and belief, the January 16, 2007 message was the Defendant's initial communication with the Plaintiff regarding the collection of the alleged debt.

12. The January 16, 2007 message is a "communication" as defined by 15 U.S.C. §1692a(2).

13. Defendant failed to notify Plaintiff of his right to dispute the validity of the debt as required by 15 U.S.C. §1692g.

14. Defendant failed to inform Plaintiff in the January 16, 2007 message that the communication was from a debt collector, that it was an effort to collect a debt, and that any information obtained will be used for the purpose of collecting a debt as required by 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (D. Fla. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory damages;

3

  b.  Attorney's fees, litigation expenses and costs of suit;

  c.  Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

15. Plaintiff incorporates Paragraphs 1 through 7 and 9 through 12.

16. On or about January 30, 2007, Defendant left the following message on Plaintiff's office voice mail:

> Hi Mr. Yarbrough. My name is Mr. Benson. Give me a call back as soon as possible at 877-719-7015. My office extension is 8529. It is important that you give me a call back as soon as possible. Thank you. Have a good day.

17. In the January 30, 2007 message, Defendant failed to disclose that the communication was from a debt collector as required by 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (D. Fla. 2006).

18. The January 30, 2007 message is a "communication" as defined by 15 U.S.C. §1692a(2).

19. Defendant failed to inform Plaintiff in the January 30, 2007 message that the communication was from a debt collector as required by 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (D. Fla. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## FALSE REPRESENTATION OF THE CHARACTER, AMOUNT AND LEGAL STATUS OF THE ALLEGED DEBT

20. Plaintiff incorporates Paragraphs 1 through 7 and 9 through 12.

21. On January 31, 2007 Plaintiff communicated with Defendant regarding the alleged debt. Defendant informed Plaintiff that Defendant was seeking to collect a debt from "Donald A. Yarbrough" but after checking Plaintiff's date of birth, informed Plaintiff that the alleged debtor was a different person with the same name.

22. On February 1, 2007 Defendant telephoned Plaintiff and informed him that his professional license was in jeopardy in that Defendant was intending to have that license suspended for failure to pay a student loan.

23. Defendant demanded an immediate payment via electronic transfer in order to avoid the threatened license suspension.

24. Plaintiff protested that his student was not in default and had never been in default.

25. Defendant claimed that in excess of $88,000.00 was past due and that non-withstanding Plaintiff's monthly payments, the loan was in default because Plaintiff's monthly payments were insufficient to cover late fees and penalties.

26. Defendant violated 15 U.S.C §1692e(2) by falsely representing the character, amount and legal status of the alleged debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE SENSE OF URGENCY

27. Plaintiff incorporates Paragraphs 1 through 7, 9 through 12, and 21 through 25.

28. By demanding immediate payment to avoid suspension of Plaintiff's professional license, Defendant created a false sense of urgency in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c.    Such other or further relief as the Court deems proper.

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## FALSE THREAT OF ACTION THAT CANNOT LEGALLY BE TAKEN

29. Plaintiff incorporates Paragraphs 1 through 7, and 21 through 25.

30. By threatening suspension of Plaintiff's professional license, when Defendant has no authority or ability to suspend or cause the suspension of Plaintiff's professional license, Defendant threatened action that cannot legally be taken in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    Such other or further relief as the Court deems proper.

    c.    Such other or further relief as the Court deems proper.

## COUNT VI
## PROHIBITED COMMUNICATIONS WITH THIRD PARTIES

31. Plaintiff incorporates Paragraphs 1 through 7, 9 through 12, 16, and 18.

32. By leaving two telephone messages on Plaintiff's office voice mail, which is accessible by Plaintiff's employees who did listen to the messages in the

normal course of their employment, Defendant communicated with third parties without the express prior permission of the Plaintiff in violation of 15 U.S.C §1692c(b).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory damages;

    b.    Actual damages;

    c.    Attorney's fees, litigation expenses and costs of suit;

    d.    Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

33.    Plaintiff incorporates Paragraphs 1 through 7, and 21 through 25.

34.    Defendant knew that it had no legal right to collect in excess of $88,000 from Plaintiff and knew Plaintiff's student loan was not in default yet claimed a right to payment of in excess of $88.000 and threatened suspension of Plaintiff's professional license if immediate payment via electronic transfer was not made in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory damages;

  b. Actual damages;

  c. Punitive Damages;

  d. Attorney's fees, litigation expenses and costs of suit;

  e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 19 day of February, 2007.

        DONALD A. YARBROUGH, ESQ.
        Attorney for Plaintiff
        Post Office Box 11842
        Ft. Lauderdale, FL 33339
        Telephone: 954-537-2000
        Facsimile: 954-566-2235
        Email: donyarbrough@mindspring.com

By: _____
        Donald A. Yarbrough, Esq.
        Florida Bar No. 0158658


        JOEL D. LUCOFF, ESQ.
        Attorney for Plaintiff
        12925 Southwest 30 Street
        Miramar, FL  33027-5307
        Telephone: 954-885-7624
        Facsimile: 954-885-7625
        Email: jdlucoff@adelphia.net

        Joel D. Lucoff, Esq.
        Florida Bar No. 192163

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**MAGISTRATE JUDGE SIMONTON**

**CIV-MORENO**

**I(a) PLAINTIFFS**
Donald A. Yarbrough

**DEFENDANTS**
Collectcorp Corporation

FILED BY 2007 FEB 20

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

**07-60214**

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

0:07cv60214-Moreno-Simonton

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander   ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 340 Marine   ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 345 Marine Product Liability   ☐ 371 Truth in Lending B | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle   ☐ 380 Other Personnel Property Damage | | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability   ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS**   **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment   ☐ 530 General* | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations   ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare   ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights   ☐ 550 Civil Rights *A or B | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23
CLASS ACTION No   DEMAND $ N/A
☐ Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE   DOCKET NUMBER

DATE February 12, 2007   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 539400   Amount: 350   Date Paid: ___   M/ifp: ___